IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SHIPBREAKING LIMITED, L.L.C. | § § § | C.A. NO. B-_____ |
| VS. | § § | In Admiralty Pursuant to Rule 9(h) of the Federal |
| SMITH L.C. & SMITH MARITIME, in personam, TUG ELSBETH II, her engines, tackle, etc., *in rem* | § § § | Rules of Civil Procedure |

**FILED MAR 2 2 2001** — Michael N. Milby, Clerk of Court

C.A. NO. B-01-048

**CIVIL ACTION**

## MOTION FOR ORDER APPOINTING SUBSTITUTE CUSTODIAN

Come now, Plaintiff, INTERNATIONAL SHIPBREAKING LIMITED, L.L.C., by and through their undersigned attorney, and pursuant to Rule 7 and other applicable rules of the Federal Rules of Civil Procedure, and Supplemental Rules governing Admiralty and Maritime Claims, respectfully move this Honorable Court for an order appointing itself, International Shipbreaking Limited, L.L.C. as substitute custodian of the Defendant vessel <u>in</u> <u>rem</u>, TUG ELSBETH II, for the reasons and in accordance with the provisions contained in the attached proposed order. The affidavit of Plaintiff's attorney is attached hereto and made a part hereof for all purposes.

Respectfully submitted,

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

By: _____
James H. Hunter, Jr.
State Bar of Texas No. 00784311
Federal I.D. No. 15703
Ewing E. Sikes, III
State Bar of Texas No. 00794631
Federal I.D. No. 19534
55 Cove Circle
P.O. Box 3509
Brownsville, Texas  78523-3509
Telephone:  (956) 542-4377
Telecopier:  (956) 542-4370
Attorney for Plaintiff,
**INTERNATIONAL SHIPBREAKING LIMITED, L.L.C.**

48937:961208.1:032201

ClibPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SHIPBREAKING LIMITED, L.L.C. | § § § | **CIVIL ACTION** C.A. NO. B-__**B-01-048**__ |
| VS. | § § | |
| SMITH L.C. & SMITH MARITIME, in personam, TUG ELSBETH II, her engines, tackle, etc., *in rem* | § § § | In Admiralty Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

## AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUBSTITUTE CUSTODIAN

THE STATE OF TEXAS   §
                     §
COUNTY OF CAMERON    §

JAMES H. HUNTER, JR., being duly sworn, deposes and says:

1. I am an attorney and member of the firm of Royston, Rayzor, Vickery & Williams, L.L.P., attorneys for Plaintiff herein, and submit this affidavit in support of entry of an order appointing Plaintiff, International Shipbreaking Limited, L.L.C. as substitute custodian of the Defendant TUG ELSBETH II (hereinafter "**TUG**").

2. This is an action <u>in rem</u> for a maritime tort and breach of warranty of workmanlike service in the tow and loss of the USS STODDERT, and for enforcement of a maritime lien on the tug.

3. A Warrant for arrest, <u>in rem</u>, of the Tug was issued on March _____, 2001, but has not yet been executed.

48937:961243.1:032201

ClibPDF - www.fastio.com

-2-

4. The Tug is presently en route to the Port of Brownsville, Cameron County, Texas, and specifically Plaintiff, International Shipbreaking, L.L.C.'s scrapyard. There appears to be no necessity for an appointment of a keeper by the U. S. Marshal or for the Tug to remain in the custody of the U. S. Marshal while under maritime arrest, because International Shipbreaking Limited, L.L.C. can act as a substitute custodian thereby eliminating costs to move the Tug to another berth.

5. International Shipbreaking Limited, L.L.C. is engaged in the business of dismantling and scrapping vessels and is fully competent to ensure the security of the Tug. International Shipbreaking Limited, L.L.C. has acted as a substitute custodian for this Court on previous occasions.

6. International Shipbreaking Limited, L.L.C. has advised your deponent that it has agreed to accept responsibility for the TUG while under maritime arrest and to act as substitute custodian herein for reasonable consideration.

7. Insurance is available to respond in damages for loss of or injury to the Defendant TUG during said custody or for damage sustained by third parties.

8. Further, International Shipbreaking Limited, L.L.C. agrees to accept substitute custodianship for the Defendant TUG, in accordance with the Order Appointing Substitute Custodian.

WHEREFORE, your Deponent respectfully requests that International Shipbreaking Limited, L.L.C. be appointed substitute custodian of the TUG ELSBETH II, after its arrest by the U. S. Marshal, that the substitute custodian be authorized to store and secure the TUG, that Plaintiff/Substitute Custodian, International Shipbreaking Limited, L.L.C. be bound to indemnify, hold harmless and defend the U. S. Marshal, the United States and the United States District Court

for the Southern District of Texas from any liability arising, during or incidental to service by the substitute custodian, and that a $5,000.00 deposit for U. S. Marshal's fees be deemed sufficient for the U. S. Marshal to effect the arrest of the TUG.

_____
JAMES H. HUNTER, JR.

**SWORN TO BEFORE ME** on this 22nd day of March, 2001.

ADELA G. RICO
Notary Public, State of Texas
My Commission Expires
February 12, 2005

_____
NOTARY PUBLIC, STATE OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SHIPBREAKING LIMITED, L.L.C. | § § § | |
| VS. | § § | C.A. NO. B-__B-01-048__ |
| SMITH L.C. & SMITH MARITIME, in personam, TUG ELSBETH II, her engines, tackle, etc., *in rem* | § § § | In Admiralty Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

**CIVIL ACTION**

*United States District Court, Southern District of Texas, FILED MAR 22 2001, Michael N. Milby, Clerk of Court*

**AFFIDAVIT OF APPLICANT FOR SUBSTITUTE CUSTODIAN**

STATE OF TEXAS       §
                     §
COUNTY OF CAMERON    §

BARRY E. CHAMBERS, being first duly sworn, deposes and says:

A.   I am employed as the Co-Chief Operating Officer of International Shipbreaking Limited, L.L.C. ("ISL") and am authorized by ISL to submit the Affidavit herein.

B.   I am familiar with the Defendant TUG ELSBETH II described in the Verified Complaint herein, at least to the extent of its nature and apparent condition, and respectfully submit that ISL has adequate facilities for, and can safely keep said Tug in place of the Marshal during the pendency of the suit herein and until further Order of the Court, and in this regard, I state that ISL will exercise due care to preserve and protect the Defendant TUG ELSBETH II.

C.   The total charge for said services will be $ _150.00_ per day, plus the cost of insurance ($ _20.00_), as well as any extraordinary expenses as may be approved by the Court.

D.   Further, I state that ISL has assets and insurance adequate to respond in damages for loss or injury to the Defendant TUG ELSBETH II during said custody or for damages sustained by

third parties due to the negligence of ISL, or its employees or agents during said custody, and will hold harmless and indemnify the United States and the United States Marshal's Service from any claims arising out of the negligent performance of any duties it undertakes as Substitute Custodian.

E.  The costs and expenses incidental to the keeping of the said vessel will be paid initially by the plaintiff, although Plaintiff will seek reimbursement of these expenses in this admiralty proceeding.  The United States Marshal will not assume liability for any costs incurred incidental to a Court appointed custodianship.

I declare under penalty of perjury that the foregoing is true and correct.

BARRY E. CHAMBERS

SUBSCRIBED AND SWORN TO BEFORE ME this 22 day of March, 2001.



Gloria Gamez
Notary Public
State of Texas
My Commission Expires
June 25, 2004

Notary Public, State of Texas

-2-