**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| INTERNATIONAL SHIPBREAKING | § | |
| LIMITED, L.L.C. | § | C.A. NO. B- **B-01-048** |
| | § | |
| VS. | § | |
| | § | In Admiralty Pursuant to |
| SMITH L.C. & SMITH MARITIME, | § | Rule 9(h) of the Federal |
| in personam, TUG ELSBETH II, | § | Rules of Civil Procedure |
| her engines, tackle, etc., *in rem* | § | |

**CIVIL ACT...**

## ORDER APPOINTING SUBSTITUTE CUSTODIAN

Plaintiff, INTERNATIONAL SHIPBREAKING LIMITED, L.L.C., by and through their

undersigned attorneys, Royston, Rayzor, Vickery & Williams, L.L.P., having appeared and made

the following recital:

1.      On March 22, 2001, the Complaint herein was filed praying that the TUG ELSBETH

II, her engines, tackle, apparel, etc., and all other necessities thereunto appertaining and belonging,

be arrested and held pending Plaintiff's demands and claims.

2.      On March 22 , 2001, the Clerk of this Court issued a Warrant of Arrest of Vessel

commanding the United States Marshal for this District to arrest and take into custody the Defendant

vessel and to detain the same in his custody until further order of the Court respecting same.

3.      The United States Marshal is to seize the subject vessel on this date or as soon

thereafter as practicable. Custody by the United States Marshal requires the services of one or more

keepers at a charge of at least $400.00 per day for the keepers alone and not including charges for

wharfage and the other services usually associated with safekeeping vessels similar to the Defendant

vessel.

48937:961204.1:032201

4.     The Defendant vessel is currently moored safely within the territorial waters of the United States.  Plaintiff, International Shipbreaking Limited, L.L.C. has agreed to assume the responsibility of safekeeping the said vessel and has consented to act as its custodian until further Order of this Court all for a sum, including wharfage and routine services required for the safekeeping of the particular vessel, at a rate much less than that required by the Marshal.  The United States Marshal is unable to perform or have performed at a comparable rate these same services.

5.     Plaintiff, International Shipbreaking Limited, L.L.C. assures Plaintiff's attorney that it has adequate experience and crew for the proper safekeeping of the vessel.  Further, substitute custodian accepts, in accordance with the terms of this Order, possession of the Defendant vessel, its engines, tackle, apparel, furniture, furnishings, equipment and all other necessities thereunto appertaining and belonging, which are the subject of the action herein.

6.     In consideration of the Marshal's consent to the substitution of custody, Plaintiff agrees to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of Defendant vessel, its engines, tackle, apparel, furniture, furnishings, equipment and all other necessities thereunto appertaining and belonging, from the time the Marshal transfers possession of said vessel over to said substitute custodian, and said Plaintiff further agrees to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

**THEREFORE, IT IS ORDERED**, that the United States Marshal for the Southern District of Texas, be and is hereby authorized and directed after he has obtained possession by arrest and seizure to surrender the possession thereof to the substitute custodian named herein, and that upon

48937:961204.1:032201                                    -2-

such surrender the Marshal shall be discharged from his duties and responsibilities for the safekeeping of said vessel and held harmless from any and all claims whatsoever arising out of said substituted possession and safekeeping.

IT IS FURTHER ORDERED that International Shipbreaking Limited, L.L.C. be and is hereby appointed the custodian of said vessel to retain the same in his custody for possession and safekeeping and to move the TUG ELSBETH II as necessary to safekeep the vessel until further Order of this Court.

IT IS FURTHER ORDERED that the TUG ELSBETH II be transferred to the care and custody of the substitute custodian as she lay afloat within the territorial waters of the United States.

IT IS FURTHER ORDERED that all expenses for the transfer and safekeeping of Defendant vessel shall be deemed administrative expenses of the Marshal and of custodia legis notwithstanding that they may be advanced or paid directly by Plaintiff.

IT IS FURTHER ORDERED that a $5,000.00 deposit for U.S. Marshal's fees is deemed sufficient for the U.S. Marshal to effect the arrest of the TUG ELSBETH II.

IT IS FURTHER ORDERED that Plaintiff's attorney will serve a copy of said Order upon the Master or other ranking officer or caretaker of Defendant vessel.

DONE at Brownsville, Texas this 22ND day of **March, 2001.**

UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

48937:961204.1:032201                                    -3-