34

United States District Court
Southern District of Texas
FILED

JUL 1 3 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| INTERNATIONAL SHIPBREAKING LIMITED, L.L.C. | § § § § | |
| V. | § § | C.A. NO. B-01-048 (ADMIRALTY) |
| SMITH L.C. & SMITH MARITIME, *In Personam*, and the TUG ELSBETH II, her engines, tackle, and gear, etc., *In Rem* | § § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW International Shipbreaking Limited, L.L.C. ("ISL") and Smith Maritime and herewith file this Joint Discovery/Case Management Plan under Rule 26(f) and would respectfully show as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **Counsel for ISL, James H. Hunter, Jr. and counsel for Smith Maritime, Justin W. R. Renshaw met via teleconference on July 12, 2001.**

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   **None.**

3. Specify the allegation of federal jurisdiction.

   **28 U.S.C. 1333 and FED. R. CIV. P. 9(h).**

48937:975132.1:071201

4.   Name the parties who disagree and the reasons.

**None.**

5.   List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None at this time.**

6.   List anticipated interventions.

**None at this time.**

7.   Describe class-action issues.

**None.**

8.   State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Smith Maritime has made its R. 26(a) disclosures. ISL will make its disclosures within fourteen (14) days.**

9.   Describe the proposed agreed discovery plan, including:

   A.   Responses to all the matters raised in Rule 26(f).

   **The parties anticipate utilizing reasonable means of discovery to ascertain the underlying facts and causes of their respectively claimed damages.**

   B.   When and to whom the plaintiff anticipates it may send interrogatories.

   **ISL anticipates sending interrogatories within sixty (60) days.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Smith Maritime anticipates the use of interrogatories to ISL within one hundred and twenty (120) days.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**ISL intends to take the oral depositions of (1) Smith's Corporate representative(s), employee(s) officer(s) or agents knowledgeable about the TOWCON negotiations, preparation for the tow, the loss of the STODDERT and post-incident investigation; (2) the crew of the tug ELSBETH II; (3) fact witnesses at Pearl Harbor with knowledge of events up to the departure of the tow; and (4) Navy and/or MARAD representatives familiar with the STODDERT transaction and post-incident investigation. ISL anticipates these fact depositions could be completed by February 1, 2001.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Smith Maritime intends to take the oral depositions of: 1) ISL's representative(s), agent(s), employee(s) and/or officer(s) in charge of contracting with the United States Navy; 2) The individual(s) in charge of contracting with Smith Maritime; 3) ISL's Treasurer or other representative responsible for effecting payments on towage obligations; and 4) The individual(s) with knowledge concerning expected costs and profits for ISL associated with shipbreaking for the U.S. Navy. Smith Maritime expects that these fact depositions could be completed by February 1, 2002.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**ISL has the burden of proof on the negligence/breach of warranty issues. ISL will be able to designate experts and provide the reports required by R. 26(a)(2)(B) by Monday, March 1, 2001.**

**Smith has the burden of proof on its breach of contract claim. Smith will be able to designate experts and provide the reports required by R.26(a)(2)(b) by Monday, April 1, 2002.**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**ISL anticipates taking the depositions of experts retained by ISL and that these depositions could be completed by Wednesday, May 1, 2001.**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Smith Maritime anticipates taking the depositions of experts retained by ISL and that these depositions could be completed by Wednesday, May 1, 2001.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The parties are agreed on the discovery plan.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12. State the date the planned discovery can reasonably be completed.

**Fact discovery can reasonably be completed by February 1, 2002. Expert discovery can reasonably be completed by May 1, 2001.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties have discussed mediation prior to engaging in formal discovery but have not reached an agreement in this respect.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

   **The parties have discussed informal exchanges of information as well as reasonable cooperation in discovery matters.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

   **Mediation appears to be the most suitable ADR method.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   **Smith Maritime does not consent to a trial before a magistrate.**

17. State whether a jury demand has been made and if it was made on time.

   **This is a non-jury case. A jury has neither been requested nor is allowed for by law.**

18. Specify the number of hours it will take to present the evidence in this case.

   **The parties anticipate that trial could be completed in 24 to 36 hours.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **Smith Maritime expects to file a Motion for Summary Judgment prior to the scheduling conference that is currently set for July 30, 2001. Under the Rules, ISL's response will not be due before that time. However, Smith Maritime has filed a Motion to Re-set the Initial Scheduling Conference to allow time for ISL to respond to Smith Maritime's Motion for Summary Judgment and to allow sufficient time for the Court to consider the Motion so that it may consolidate the Scheduling Conference with a hearing on the Motion for Summary Judgment, if necessary.**

   **In principal, ISL has no opposition to a Motion to Reschedule the Scheduling Conference although it has not seen Smith Maritime's Motion for Summary Judgment and depending upon what it contains, ISL may need leave of Court to engage in discovery necessary to adequately respond to such Motion for Summary Judgment.**

20. List other motions pending.

   **None.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None at this time.**

22. List the names, bar numbers, addresses and telephone numbers of *all* counsel.

   **See below.**

                                          Respectfully submitted,

                                          _____
                                          Jeffrey R. Bale
                                          State Bar No. 01629800
                                          S.D. Tex. Adm. I.D. No.
                                          Justin W. R. Renshaw
                                          State Bar No. 24013392
                                          S.D. Tex. Adm. I.D. No. 25865
                                          Niels Esperson Building, 20th Floor
                                          808 Travis Street
                                          Houston, Texas 77002
                                          Telephone: (713) 225-0905
                                          Facsimile: (713) 225-2907
                                          ***Attorneys in Charge for Smith Maritime***

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

_/s/ [signature]_____
James H. Hunter, Jr.
State Bar No. 00784311
S.D. Tex. Adm. I.D. No. 15703
Ewing E. Sikes, III
State Bar No. 00794631
S.D. Tex. Adm. I.D. No. 19534
55 Cove Circle
P.O. Box 3509
Brownsville, TX  77523-3509
Telephone: (956) 542-4377
Facsimile:   (956) 542-4370
***Attorneys in Charge for International Shipbreaking Limited, L.L.C.***

OF COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.

ClibPDF - www.fastio.com